ROBERT J. GIRARD (CA SBN 216949)
rgirard@girardbengali.com
OMAR H. BENGALI (CA SBN 276055)
obengali@girardbengali.com
STEVEN M. BUHA (CA SBN 271798)
sbuha@girardbengali.com
**GIRARD BENGALI, APC**
355 S. Grand Ave., Suite 2450
Los Angeles, CA 90071
Tel.: (323) 302-8300

*Attorneys for Plaintiff Green Farms California, LLC d/b/a Worldwide Produce*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREEN FARMS CALIFORNIA, LLC D/B/A WORLDWIDE PRODUCE,<br><br>Plaintiff,<br><br>vs.<br><br>FARMSHOP HOSPITALITY, LLC; FARMSHOP COMMISSARY LLC; FARMSHOP DTLA, LLC; FARMSHOP, LLC; JEFFREY R. CERCIELLO; AND ADAM R. BLOCK,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>(To Enforce Payment from PACA Produce Trust) |

COMPLAINT

Plaintiff Green Farms California, LLC d/b/a Worldwide Produce ("Plaintiff") by and through undersigned counsel, as and for its complaint against Defendants Farmshop Hospitality, LLC ("Farmshop Hospitality"), Farmshop Commissary LLC ("Farmshop Comissary"), Farmshop DTLA, LLC ("Farmshop DTLA"), Farmshop, LLC ("Farmshop") (Farmshop Hospitality, Farmshop Commissary, Farmshop DTLA and Farmshop are collectively the "Corporate Defendants"), Jeffrey R. Cerciello ("Cerciello") and Adam R. Block ("Block") (Cerciello and Block are the "Individual Defendants") (Corporate Defendants and Individual Defendants are collectively the "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq*. ("PACA") and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiff's non-PACA claims pursuant to 28 U.S.C. § 1367.

3. Venue in this district is based on 28 U.S.C. § 1391 in that Defendants reside in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

4. Plaintiff Worldwide is a California limited liability company and citizen with its principal place of business in Los Angeles, California, engaged in the business of buying and selling wholesale quantities of produce and other goods in interstate commerce or contemplation thereof, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

5. Defendant Farmshop Hospitality is a California limited liability company with its principal place of business in Santa Monica, California, that

1

COMPLAINT SEEKING DAMAGES

operates restaurants and other businesses under the name of Farmshop and was at all relevant times subject to licensure under the provisions of PACA.

6. Defendant Farmshop Commissary is a California limited liability company with its principal place of business in Culver City, California, engaged in the business of preparing food with produce purchased in interstate commerce that at all relevant times operated subject to licensure under the provisions of PACA.

7. Defendant Farmshop DTLA is a California limited liability company with its principal place of business in Los Angeles, California, engaged in the business of preparing food with produce purchased in interstate commerce that at all relevant times operated subject to licensure under the provisions of PACA.

8. Defendant Farmshop is a California limited liability company with its principal place of business in Los Angeles, California, engaged in the business of preparing food with produce purchased in interstate commerce that at all relevant times operated subject to licensure under the provisions of PACA.

9. Defendant Cerciello is an individual residing in the State of California, and is and was at all relevant times a manager and member of the Corporate Defendants who controlled the operations of the Corporate Defendants and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

10. Defendant Block is an individual residing in the State of California, and was at all relevant times a member, Chief Financial Officer and Chief Operating Officer of the Corporate Defendants who controlled the operations of the Corporate Defendants and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

//
//
//

2
COMPLAINT SEEKING DAMAGES

**GENERAL ALLEGATIONS**

11. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

12. Between January 6, 2024, and December 31, 2024, Plaintiff sold and delivered to Defendants wholesale quantities of produce and other goods having an agreed upon value of $346,099.96, of which $109,998.20 is owed for wholesale quantities of produce (the "Transactions").

13. The produce that is the subject of this action (the "Produce") had been shipped or moved in interstate commerce or in contemplation thereof and in that stream of commerce common in the trade.

14. Corporate Defendants accepted all the goods and the Produce.

15. Defendants have not paid for the Produce and other goods sold despite repeated demands and promises to pay, and the entire principal debt of $346,099.96, of which $109,998.20 is owed for the Produce, remains unpaid.

16. Prior to the Transactions, the Corporate Defendants received or contracted to receive produce totaling 2,000 pounds or more in weight in a single day.

17. In 2023, the invoice cost of the produce purchased by the Corporate Defendants exceeded $230,000.00.

18. At the time of receipt of the Produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

19. Plaintiff sent invoices to Corporate Defendants for each of the sales at issue.

20. Plaintiff's invoices contain the following language required by 7 U.S.C. § 499e(c)(4) to preserve its rights under the PACA Trust:

> The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

21. Having preserved its rights under the PACA trust, Plaintiff remains a beneficiary until full payment is made for the Produce.

22. Plaintiff's invoices to Defendants entitle Plaintiff to recover interest on all unpaid balances.

23. Plaintiff's invoices to Defendants entitle Plaintiff to recover attorneys' fees and costs necessary to collect any balance due.

24. Interest, attorneys' fees and costs are deemed "sums owing in connection with" the sales to Defendants under PACA.

25. As a result of Defendants' continued failure to make full payment promptly in the amount of $236,101.76, of which $109,998.20 is owed for the Produce, Plaintiff has been required to pay attorneys' fees and incur court costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

### FIRST CAUSE OF ACTION
**(Failure to Make Prompt Payment of Trust Assets)**
*Against The Corporate Defendants*

26. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 25 above as if fully set forth herein.

27. Corporate Defendants received each of the Produce shipments on which this action is based.

28. Corporate Defendants are required to promptly tender to Plaintiff full payment for those shipments pursuant to PACA.

29. Defendants have failed and refused to pay for the Produce supplied by Plaintiff within the period required by 7 C.F.R. § 46.2(aa)(5).

30. As a direct and proximate result of Corporate Defendants' failure to pay promptly, Plaintiff has incurred damages related to the produce sales in the principal amount of $109,998.20, plus interest from the date each invoice became past due, costs and attorneys' fees.

## SECOND CAUSE OF ACTION
**(Breach of Contract Regarding Invoices)**
*Against The Corporate Defendants*

31. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32. Plaintiff delivered to Corporate Defendants invoices for each of the Transactions.

33. Corporate Defendants received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

34. Plaintiff's invoices to Corporate Defendants constitute valid and enforceable agreements between the parties.

35. Corporate Defendants breached the agreements between the parties by failing to timely remit payment for the goods and Produce it received from Plaintiff.

36. Plaintiff has performed all the duties, obligations, and conditions precedent on its part to be performed under the invoices.

37. As a direct and proximate result of Corporate Defendant's breach of contract, Plaintiff has suffered damages in the amount of $346,099.96, plus interest from the date each invoice became past due, costs and attorneys' fees.

**THIRD CAUSE OF ACTION**
**(Failure to Pay For Goods Sold)**
*Against The Corporate Defendants*

38. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 37 above as if fully set forth herein.

39. Corporate Defendants failed and refused to pay Plaintiff the amount of $346,099.96 owed to Plaintiff for goods and Produce received by Corporate Defendants from Plaintiff.

40. As a direct and proximate result of the failure of Corporate Defendants to pay promptly, Plaintiff has incurred damages in the amount of $346,099.96 plus interest, costs and attorneys' fees.

**FOURTH CAUSE OF ACTION**
**(Unlawful Dissipation of Trust Assets by a Corporate Official)**
*Against Cerciello*

41. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 40 above as if fully set forth herein.

42. Defendant Cerciello is and was at all relevant times a manager and member of the Corporate Defendants.

43. By virtue of his position with and ownership of the Corporate Defendants, Cerciello is and was in a position of control over the PACA trust assets belonging to Plaintiff.

44. Cerciello failed to direct the Corporate Defendants to fulfill their statutory duties to preserve PACA trust assets and pay Plaintiff for the Produce it supplied.

45. Cerciello knew or should have known that at all relevant times, the Corporate Defendants were in breach of the PACA trust.

46. Cerciello's failure to direct the Corporate Defendants to maintain PACA trust assets and pay Plaintiff for the Produce it supplied was an unlawful dissipation of trust assets by a corporate official.

47. Cerciello participated in the Corporate Defendants' breach of the PACA Trust.

48. As a result of Cerceillo's role in the Corporate Defendant's unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the Produce it supplied.

### FIFTH CAUSE OF ACTION
**(Unlawful Receipt and Retention of PACA Trust Assets)**
*Against Block*

49. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 48 above as if fully set forth herein.

50. At the time of the Transactions, Block was the Chief Financial Officer of the Corporate Defendants.

51. As the Corporate Defendants' Chief Financial Officer, Block has certain rights with respect to the operation of the Corporate Defendants, such as the right to make decisions regarding the Corporate Defendants' operations and direct the use of, or take possession of, money in the possession of the Corporate Defendants.

52. Upon information and belief, Block used his position as Chief Financial Officer of the Corporate Defendants to transfer cash and other assets worth not less than $352,000.00 from the Corporate Defendants to Block and entities controlled by Block.

53. The cash and other assets transferred to Block and entities controlled by Block consisted of PACA trust assets.

54. The transfers of cash and other assets to Block and entities controlled by Block were made in breach of the PACA trust.

55. Block and entities controlled by him continue to hold any and all PACA trust assets having come into their possession as trustee for Plaintiff.

56. As a direct and proximate result of Block and entities controlled by Block retaining PACA trust assets without delivery to Plaintiff, Plaintiff has been damaged in the principal amount of $109,998.20, plus interest and attorneys' fees.

### SIXTH CAUSE OF ACTION
### (Unlawful Dissipation of Trust Assets by a Corporate Official)
### *Against Block*

57. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 56 above as if fully set forth herein.

58. Defendant Block was at all relevant times a member, Chief Financial Officer and Chief Operating Officer of the Corporate Defendants.

59. By virtue of his position with and ownership of the Corporate Defendants, Block was in a position of control over the PACA trust assets belonging to Plaintiff.

60. Block failed to direct the Corporate Defendants to fulfill their statutory duties to preserve PACA trust assets and pay Plaintiff for the Produce it supplied.

61. Block knew or should have known that at all relevant times, the Corporate Defendants were in breach of the PACA trust.

62. Block's failure to direct the Corporate Defendants to maintain PACA trust assets and pay Plaintiff for the Produce it supplied was an unlawful dissipation of trust assets by a corporate official.

63. Block participated in the Corporate Defendants' breach of the PACA Trust.

64. As a result of Block's role in the Corporate Defendant's unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the Produce it supplied.

## SEVENTH CAUSE OF ACTION

### (Declaratory Judgment that the Corporate Defendants Are *Alter Egos*)

65. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 64 above as if fully set forth herein.

66. Some of the Corporate Defendants share the same billing and principal business address.

67. Some of the Corporate Defendants use the same trade names.

68. Some of the Corporate Defendants use the same banking institutions.

69. Some of the Corporate Defendants have the same suppliers.

70. Some of the Corporate Defendants have the same creditors.

71. Upon information and belief, the assets of some of the Corporate Defendants are used to satisfy the financial obligations of the other Corporate Defendants.

72. Upon information and belief, the Corporate Defendants commingle corporate funds and other assets.

9
COMPLAINT SEEKING DAMAGES

73. Upon information and belief, Cerciello and Block were at all relevant times co-owners of the Corporate Defendants.

74. The Corporate Defendants have the same officers and directors.

75. Upon information and belief, Cerciello and Block controlled the operations of each of the Corporate Defendants.

76. Upon information and belief, the Corporate Defendants are and were inadequately capitalized.

77. Upon information and belief, the Corporate Defendants have failed to maintain the corporate formalities.

78. The Corporate Defendants have abused the corporate form to deprive Plaintiff of the funds to which it is entitled.

79. The Corporate Defendants are *alter egos* of one another, entitling Plaintiff to recover the debt it is owed from the Corporate Defendants, jointly and severally.

80. There exists an actual controversy between Plaintiff and the Corporate Defendants regarding the interrelatedness of the Corporate Defendants and the extent of their liability for the sums due Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. On the First Cause of Action, judgment in favor of Plaintiff and against the Corporate Defendants, jointly and severally, in the amount of $109,998.20 under the trust provisions of PACA;

B. On the Second Cause of Action, judgment in favor of Plaintiff and against the Corporate Defendants, jointly and severally, in the amount of $346,099.96;

  C. On the Third Cause of Action, judgment in favor of Plaintiff and against the Corporate Defendants, jointly and severally, in the amount of $346,099.96

  D. On the Fourth Cause of Action, judgment in favor of Plaintiff and against Defendant Cerciello in the amount of $109,998.20 for breaching his fiduciary duties owed pursuant to the trust provisions of PACA;

  E. On the Fifth Cause of Action, judgment in favor of Plaintiff and against Block in the amount of $109,998.20;

  F. On the Sixth Cause of Action, judgment in favor of Plaintiff and against Defendant Block in the amount of $109,998.20 for breaching his fiduciary duties owed pursuant to the trust provisions of PACA;

  G. On the Seventh Cause of Action, a declaratory judgment that the Corporate Defendants are *alter egos*;

  H. On the First through Sixth Causes of Action, judgment in favor of Plaintiff against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees as "sums owing in connection with" the Produce sales under the PACA; and

  I. Such other and further relief as the Court deems just and proper.

//

//

//

//

//

11

COMPLAINT SEEKING DAMAGES

Dated: March 28, 2025

Respectfully submitted,

**GIRARD BENGALI, APC**

By: _____
    Robert J. Girard
    Omar H. Bengali
    Steven M. Buha

355 S Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (323) 302-8300
obengali@girardbengali.com

*Attorneys for Plaintiff Green Farms California, LLC d/b/a Worldwide Produce*